UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIAN AMERICANS ADVANCING JUSTICE -- ASIAN LAW CAUCUS,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>Defendants. | Case No. 21-cv-02844-JD<br><br>**ORDER RE FOIA REDACTIONS** |

Plaintiff Asian Americans Advancing Justice -- Asian Law Caucus (ALC) seeks documents under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, from the U.S. Department of Homeland Security, Immigration and Customs Enforcement (ICE) and the U.S. Department of State, about the factors the government uses to determine whether Vietnamese citizens ordered removed from the United States will be accepted by the Vietnamese government. ICE has established that FOIA Exemption 7(E) for law enforcement applies, and so summary judgment is granted in favor of defendants.

**BACKGROUND**

As alleged in the complaint, ALC seeks a copy of a memorandum of understanding between the United States and Vietnam "that implicates the repatriation of pre-1995 Vietnamese immigrants" (MOU). Dkt. No. 1 ¶ 9. ALC says that it submitted FOIA requests to ICE and the State Department to obtain the MOU without success. *Id.* ¶¶ 11-12, 17. ALC alleged a claim under FOIA and requested that the government be ordered to produce the MOU. *Id.* at 4-5.

After the complaint was filed, the government turned over to ALC a redacted version of the MOU. Dkt. No. 23 at 2. All but three paragraphs of the MOU were provided. *Id.*; Dkt. No. 24. This order resolves the parties' remaining FOIA dispute over these paragraphs.

With the agreement of the parties, the Court ordered a streamlined procedure to resolve this highly focused dispute. Dkt. No. 24. The government filed under seal an unredacted version of the MOU for *in camera* review, and filed and served on ALC a *Vaughn* index and a brief statement on the propriety of the redactions under FOIA.[1] Dkt. No. 27. ALC filed its statement setting out its position on the redactions. Dkt. No. 26.

## DISCUSSION

### I.   LEGAL STANDARDS

When, as here, there are no disputed facts to resolve, FOIA cases are appropriately "resolved by the district court on summary judgment, with the district court entering judgment as a matter of law." *Animal Legal Defense Fund v. U.S. Food & Drug Administration*, 836 F.3d 987, 989 (9th Cir. 2016). The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," and the Court may grant summary judgment as to less than the entire case and just portions of a claim or defense. Fed. R. Civ. P. 56(a).

As is well known, FOIA was "enacted 'to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny.'" *American Civil Liberties Union*, 880 F.3d at 482-3 (citation omitted). The Act "mandates that government agencies make their internal records available to the public, subject to nine enumerated exemptions." *Id.* at 483. "[T]he only exemptions are the ones listed in the statute, and they are to be narrowly construed." *Id.*

The government relies solely on Exemption 7(E) for the redaction of the three paragraphs in the MOU. *See* Dkt. No. 27 at 2 ("The redactions are valid pursuant to FOIA Exception 5 U.S.C. § 552(b)(7)(E) ('7(E)')."). Exemption 7(E) applies to "records or information compiled for

---

[1] A *Vaughn* index "describ[es] briefly the format and content of the withheld records and the justifications for withholding." *American Civil Liberties Union of N. Cal. v. U.S. Dep't of Justice*, 880 F.3d 473, 481 & n.6 (9th Cir. 2018).

law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). "The government always bears the burden to show that a given document is covered by an exemption and should be withheld." *Rosenfeld v. U.S. Dept. of Justice*, 57 F.3d 803, 808 (9th Cir. 1995) (citing 5 U.S.C. § 552(a)(4)(B)).

## II. THRESHOLD REQUIREMENT OF EXEMPTION 7

As the statutory text indicates, FOIA Exemption 7 has a "threshold requirement that the materials be 'records or information compiled for law enforcement purposes.'" *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 148 (1989). For this requirement, no distinction is made between "documents that originally were assembled for law enforcement purposes and those that were not so originally assembled but were gathered later for such purposes." *Id*. at 155. When the agency whose records are being sought "has a clear law enforcement mandate," the "government's burden for satisfying the threshold requirement of exemption 7 is easier to satisfy." *Rosenfeld*, 57 F.3d at 808. In such cases, the government "need only establish a 'rational nexus' between enforcement of a federal law and the document for which [a law enforcement] exemption is claimed." *Id*. (quotations and citation omitted); *see also American Civil Liberties Union of N. Cal. v. Federal Bureau of Investigation*, 881 F.3d 776, 781 (9th Cir. 2018) ("when a FOIA request seeks guidelines and other generalized documents compiled by a law enforcement agency not related to a particular investigation, . . . the agency need only establish a rational nexus between the withheld document and its authorized law enforcement activities.").

The full title of the MOU is the "Memorandum of Understanding Between the Department of Homeland Security of the United States of America and the Ministry of Public Security of the Socialist Republic of Viet Nam on the Acceptance of the Return of Vietnamese Citizens Who Arrived in the United States Before July 12, 1995 and Who Have Been Ordered Removed from

the United States." Dkt. No. 27, Ex. A (Redacted Version Provided to Plaintiff Counsel).[2] The MOU identifies the Department of Homeland Security (DHS) as the United States participant, and indicates that one of the main purposes for the MOU is "to establish procedures on the prompt and orderly acceptance of Vietnamese citizens who have been ordered removed by U.S. competent authority and who arrived in the United States before July 12, 1995." *Id*. at 1. The government filed a declaration by Marla Jones, "the Assistant Attaché for Removal at the U.S. Embassy located in Hanoi, Viet Nam, within Enforcement and Removal Operations (ERO), U.S. Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE)." Dkt. No. 27, Ex. C ¶ 1. Jones states that "[i]n this capacity I was involved as an ICE representative in the negotiations over the Memorandum of Understanding (MOU) between DHS and MPS that is at issue in this FOIA litigation." *Id*. ¶ 3.

These undisputed facts in themselves go a long way toward establishing that the MOU serves law enforcement purposes. Our circuit has recognized in other contexts that ICE is an agency with a law enforcement mandate. *See Steinle v. City and Cnty. of San Francisco*, 919 F.3d 1154, 1167 (9th Cir. 2019) (referring to "law enforcement authorities, including ICE"); *Frimmel Mgmt., LLC v. United States*, 897 F.3d 1045, 1055 (9th Cir. 2018) (referring to "'law enforcement agency,' i.e., ICE"). Under 8 U.S.C. § 1103(a)(1), the Secretary of Homeland Security is "charged with the administration and enforcement of . . . all . . . laws relating to the immigration and naturalization of aliens," and our circuit has noted that ICE is a "component agenc[y]" of DHS which generally "enforce[s] federal immigration law." *Gonzalez v. United States Immigration and Customs Enforcement*, 975 F.3d 788, 798 (9th Cir. 2020). The MOU and the Jones declaration amply establish that there is a "rational nexus" here between the MOU and DHS-ICE's "authorized law enforcement activities" under the federal immigration laws. *American Civil*

---

[2] This redacted version of the MOU, along with the government's statement and *Vaughn* index, were all filed under seal by ICE. Dkt. No. 27. Only the unredacted version of the MOU submitted for the Court's *in camera* review should have been sealed. The government is directed to file copies of the other documents on the ECF docket so that they are accessible to the public, as specified in the Conclusion below.

*Liberties Union*, 881 F.3d at 781. Consequently, the government has satisfied the threshold requirement of Exemption 7, and ALC has not contended otherwise. *See* Dkt. No. 26.

### III.    REQUIREMENTS OF EXEMPTION 7(E)

The next question is whether the redacted paragraphs in the MOU would "disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). Our circuit has clarified that "[t]he statutory requirement that the government show that disclosure 'could reasonably be expected to risk circumvention of the law' applies only to guidelines for law enforcement investigations or prosecutions, not to techniques and procedures." *American Civil Liberties Union*, 880 F.3d at 491 (citations omitted). "Exemption 7(E) only exempts investigative techniques not generally known to the public." *Rosenfeld*, 57 F.3d at 815.

The three redacted paragraphs are in Section 4.4, Section 5.2, and Section 6 of the MOU. Dkt. No. 27, Ex. A (Redacted Version). Section 4.4 states the "conditions" for "eligibility for acceptance of return"; Section 5 identifies "factors to be considered by the DHS before removal"; and Section 6 describes "factors to be considered by the MPS before acceptance of return." The Court agrees with the government and ALC that these redacted sections are properly analyzed as "guidelines" under Exemption 7(E), and not as "techniques and procedures." *See* Jones Decl. ¶¶ 19-20; Dkt. No. 27 at 4-5; Dkt. No. 26 at 1-2.

ALC says that these sections are not "related to investigations or prosecutions." Dkt. No. 26 at 1. In ALC's view, they are "well beyond the investigatory or prosecutorial stage and relate[] solely to the logistics of an individual's removal." *Id.*

This is not a fair characterization. The Jones Declaration and MOU make clear that ICE cannot effectuate removals of relevant individuals from the United States without a corresponding acceptance of return for these individuals into Vietnam. Dkt. No. 27, Ex. A (Redacted Version); Jones Decl. ¶¶ 19-20, 23; *see also American Civil Liberties Union v. U.S. Dep't of Homeland Security*, 973 F. Supp. 2d 306, 311 (S.D.N.Y. 2013) ("When an individual is determined to be in the United States illegally and is ordered removed from the United States, ICE places that person

in administrative detention, often until the person is actually removed.  ICE works to obtain travel documents from that individual's home country to effectuate the removal.") (internal record citations omitted).  The "prosecutorial stage," as ALC puts it, does not end with the removal order but instead with the actual removal, and that process necessarily encompasses the circumstances under which Vietnam will issue travel documents to an individual to be removed, which is exactly what the redacted sections discuss.

ALC's suggestion that this information does not fall under Exemption 7(E) because it was previously disclosed, Dkt. No. 26 at 3-5, is also unavailing.  ALC has not demonstrated that the factors specific to Vietnam have been disclosed, and relies solely on disclosures with respect to "the government of Cambodia," ICE's general "civil immigration enforcement priorities," and "implementation guidelines for removal of individuals to Cuba."  *Id*.  The reason "Exemption 7(E) only exempts investigative techniques not generally known to the public," is because "[i]t would not serve the purposes of FOIA to allow the government to withhold information to keep secret an investigative technique that is routine and generally known."  *Rosenfeld*, 57 F.3d at 815.  ALC's proffer of disclosures that are highly general in nature, or relate to different countries altogether, does not establish that the redacted information is "routine and generally known."

On the government's end, it has carried its burden of demonstrating that disclosure of the redacted information "could reasonably be expected to risk circumvention of the law."  5 U.S.C. § 552(b)(7)(E).  "Used in a general way, 'the law' encompasses both prohibitions against certain behaviors as well as the legally prescribed consequences for violations."  *Mayer Brown LLP v. Internal Revenue Service*, 562 F.3d 1190, 1192 (D.C. Cir. 2009).  Removal from the United States is a legal consequence for certain violations of immigration law.  The government has established that disclosure of the guidelines in Section 4.4 could enable noncitizens to "try to avoid removal by falsely claiming that they do not meet the fourth condition stated in Section 4.4."  Jones Decl. ¶ 19.  Disclosure of the non-public information in Sections 5.2 and 6 also could enable Vietnamese citizens to "try to avoid removal and circumvent the law by manipulating or concealing their documentation to include or not include one of the factors listed in Section 5.2 and 6."  *Id*. ¶ 20; *see also id*. ¶¶ 21-23.  The risk of circumvention is heightened here because the

1  MOU applies only to Vietnamese citizens who arrived in the United States before July 12, 1995,
2  and have been ordered removed. "ICE is responsible for gathering the information needed to
3  execute the terms of the MOU," and ICE understandably lacks reliable information for a time
4  period that reaches decades into the past, to the time before diplomatic relations were established
5  between the United States and Vietnam. *See* Jones Decl. ¶¶ 16, 19; Dkt. No. 27, Ex. A (Redacted
6  Version).

These circumstances are a far cry from those in cases where a Section 7(E) exemption was denied. In such cases, the data at issue "provide[d] no relevant information that would assist criminals in conforming their behavior to evade detection or circumvent the law." *American Civil Liberties Union*, 880 F.3d at 492; *compare also American Civil Liberties Union*, 973 F. Supp. 2d at 318 ("the Government fails to explain at all how a detainee, given access to his or her own [review] data, after the fact and living in a detention center, could tailor any relevant type of conduct or alter any relevant type of information to" "avoid continued detention") (quotations omitted, alterations in original). Not so, here. The government has established, without meaningful dispute, that a Vietnamese citizen who arrived in the United States before July 12, 1995, and has been ordered removed, could use the non-public information in the three redacted paragraphs to alter their conduct or proffer selective information in an effort to avoid the issuance of travel documents from Vietnam, and removal from the United States.

## IV.   SEGREGABILITY

FOIA provides that "any 'reasonably segregable portion of a record'" must be provided to the requester "after deletion of the portions which are exempt," and a district court must not "approve the withholding of a document without a segregability finding." *Hamdan v. U.S. Dep't of Justice*, 797 F.3d 759, 778-79 (9th Cir. 2015) (quoting 5 U.S.C. § 552(b)). Because the remaining redactions are so limited in scope, the Court finds that there is no content that can be segregated from the exempt information and turned over to plaintiff.

## CONCLUSION

The government has established that the redacted information in Sections 4.4, 5.2, and 6 of the MOU are covered by FOIA Exemption 7(E), 5 U.S.C. § 552(b)(7)(E), and so need not be

disclosed. ALC has obtained a copy of the MOU with all non-exempt information. Judgment will be entered in the government's favor.

For the government's filing under seal, Dkt. No. 27, defendants are directed to file on the ECF docket by September 9, 2022, the following documents in publicly accessible form: ICE's Statement Regarding FOIA Redactions, the Declaration of Marla Jones, the Redacted Version of the MOU, and the *Vaughn* index.

**IT IS SO ORDERED.**

Dated: August 19, 2022

JAMES DONATO
United States District Judge